(December 26, 1917.)

## KATHERINE GRIFFITH, Plaintiff, v. CLARENCE VAN DEUSEN, as State Auditor, Defendant.

[169 Pac. 929.]

LEGISLATURE—EMPLOYEES—SERVICE AFTER ADJOURNMENT.

No authority exists for one branch of the legislature, acting independently of the other, to bind the state for the compensation of employees for work to be performed after adjournment.

PETITION for writ of mandate. Alternative writ quashed and peremptory writ denied.

Frawley & Koelsch, for Plaintiff.

"Public officers have not only the powers expressly conferred upon them by law, but they also possess by necessary implication such powers as are requisite to enable them to discharge the official duties devolved upon them." (23 Am. & Eng. Ency. L., 2d ed., 364; *Bateman v. Colgan,* 111 Cal. 580, 44 Pac. 238; *Lewis v. Colgan,* 115 Cal 529, 47 Pac. 357; *Harris v. Gibbins,* 114 Cal. 418, 46 Pac. 292.)

The claim of this petitioner having been regularly and lawfully incurred, properly audited and allowed by the persons by lawful authority designated so to audit the same, the duty of the state auditor to draw his warrant therefor in favor of petitioner is a mere ministerial duty, and he should be properly directed by the mandate of this court to perform that duty. (*Wycoff v. Strong,* 26 Ida. 502, 144 Pac. 341; *Rice v. Gwinn,* 5 Ida. 394, 49 Pac. 412.)

T. A. Walters, Atty. Genl., and A. C. Hindman, Assistant, for Defendant.

The legislature cannot authorize a committee to act after adjournment, except through a regularly enacted law. (*Fergus v. Russell,* 270 Ill. 304, Ann. Cas. 1916B, 1120, 1147, 110 N. E. 130; *Ex parte Caldwell,* 61 W. Va. 49, 11 Ann. Cas.

646, 55 S. E. 910, 10 L. R. A., N. S., 172; *Dickinson v. Johnson,* 117 Ark. 582, Ann. Cas. 1916B, 1067, 176 S. W. 116, L. R. A. 1915E, 496; *Commercial & Farmers' Bank v. Worth,* 117 N. C. 146, 23 S. E. 160, 30 L. R. A. 261.)

The legislature had no authority to employ persons to perform certain work already provided for by statute. (*Anderson v. Lewis,* 6 Ida. 51, 52 Pac. 163; *Robinson v. Dunn,* 77 Cal. 473, 11 Am. St. 297, 19 Pac. 878; *State v. Cheetham,* 21 Wash. 437, 58 Pac. 771.)

It is unlawful to attempt to pay out public funds for the performance of duties which the statute places upon an official and for which said official is paid a salary. (*State v. Fitzpatrick,* 5 Ida. 499, 51 Pac. 112; *Givens v. Carlson,* 29 Ida. 133, 157 Pac. 1120.)

MORGAN, J.—In her petition for a writ of mandate plaintiff alleges that during the fourteenth session of the legislature she was assistant engrossing clerk of the House of Representatives; that on March 9, 1917, just prior to adjournment, the House of Representatives passed the following resolution:

"Be it resolved, that the employees of the House shall receive compensation in addition to their usual *per diem* rate for all time in discharging their duties, in excess of eight hours per day at a rate based upon that *per diem* and that the speaker of the House and the chief clerk are hereby authorized to certify to the state auditor all such claims for compensation which in the speaker's judgment, they are entitled; be it further

"Resolved, that the speaker and chief clerk are hereby directed to retain a sufficient number of employees of the House to arrange and compare records and files of the House and make final lawful disposition thereof; that the speaker and chief clerk shall receive for such services the sum now being paid them as their *per diem,* and are authorized and directed to certify to the state auditor such additional compensation for the other employees of the House as may be necessarily incurred for the work covered by this resolution."

That pursuant to such resolution she was retained for the purpose of proof-reading and engrossing bills and to assist in comparing the records and indexing and in other work of the House; that from March 9, 1917, to April 9, 1917, she performed services in engrossing and proof-reading bills, assisting in comparing records, indexing, approving journal, preparing index and other work, and that there became due her therefor the sum of $268.75 for thirty-one days' work at $5 per day, and 182 hours' work overtime at 62½ cents per hour; that on May 19, 1917, the speaker and chief clerk of the House certified her claim and authorized defendant, the state auditor, to draw a warrant in payment of the same, but defendant refused to draw the warrant; that the legislature had made an appropriation out of the general fund of the state treasury to pay the officers, members and employees of the legislature and for the general expenses of the session. She prays for a writ of mandate commanding the defendant to draw the warrant, or appear and show cause why he should not do so. The alternative writ was issued.

In his return defendant denied that the speaker and chief clerk had any authority to certify to plaintiff's claim or authorize its payment, and that the duties alleged to have been performed by her were duties devolving, by statute, upon the chief clerk of the House. Plaintiff demurred to the return.

The employment of clerical and other assistants to the legislature has been provided for, and their duties and compensation have been fixed, by secs. 75 to 84, inclusive, Rev. Codes. The only provision to be found authorizing the performance of work, or payment therefor, after the close of a legislative session, is in sec. 79, and it is as follows:

"It shall be the duty of the secretary of the Senate and chief clerk of the House, at the close of each session of the legislature, to mark, label and arrange all bills and papers belonging to the archives of their respective Houses, and to deliver the same, together with all the books of both Houses, to the Secretary of State, who shall certify to the reception

of the same; and upon the production of said certificate to the state auditor, the auditor is authorized and directed to draw his warrant upon the treasurer in favor of the above-named parties for the sum of twenty-five dollars each, and the treasurer is authorized to pay the same out of any money in the general fund not otherwise appropriated.''

The resolution relied upon by plaintiff is not a law. Sec. 15, art. 3, of the constitution provides: ''No law shall be passed except by bill, .... nor shall any bill become a law unless the same shall have been read on three several days in each House, previous to the final vote thereon.'' And it is provided in sec. 10, art. 4: ''Every bill passed by the legislature, shall, before it becomes a law, be presented to the Governor. If he approve, he shall sign it, and thereupon it shall become a law; .....'' It is not contended that the resolution was a bill, nor that it was submitted to the Senate or presented to the Governor.

No constitutional or statutory authority exists for one branch of the legislature, acting independently of the other, to bind the state for the compensation of employees for work to be performed after adjournment, nor is any authority to be found, other than the resolution above quoted (which is ineffectual) to justify the speaker and chief clerk in certifying this claim to the state auditor, nor to make it the duty of that official to draw his warrant in payment thereof.

This action cannot be maintained. The demurrer to the return is overruled, the alternative writ quashed and the peremptory writ denied. Costs are awarded to defendant.

Budge, C. J., and Rice, J., concur.   ·