661 P.2d 736

IDAHO POWER COMPANY, Plaintiff,

v.

The STATE of Idaho, acting By and Through the DEPARTMENT OF WATER RESOURCES, Defendant-Appellant,

and

the Idaho Water Resource Board, Defendant-Respondent,

and

Its Executive Director, C. Stephen Allred, in his official capacity, et al., Defendants

and

The Idaho Legislature, by and through the President Pro-tempore Reed Budge, and the Speaker of the House, Ralph Olmstead, Intervenor-Appellant.

No. 13456.

Supreme Court of Idaho.

March 30, 1983.

David H. Leroy, Atty. Gen., Lynn E. Thomas, Sol. Gen., Josephine P. Beeman, Deputy Atty. Gen., Boise, for defendant-appellant.

Phillip M. Barber, Hawley, Troxell, Ennis & Hawley, Boyd & Koontz, Boise, for Idaho Water Resource Bd.

HUNTLEY, Justice.

The Idaho Water Resource Board was created in 1965 by legislative enactment pursuant to an amendment to the Idaho Constitution. The amendment, Idaho Const. Art. 15, § 7, was adopted in 1964, in response to a publicly recognized need for the state to maintain greater control over its water resources.

In late 1963, public attention was directed toward a proposal by out-of-state interests to divert water from the Snake River in Idaho south through Nevada for use in California and the Southwest. The proposal was firmly opposed within the state, and it was generally recognized that as long as Idaho had "surplus" water it would continue to be viewed as a source for supplying other states' increasing needs. Governor Robert E. Smylie accordingly proposed creation of a state agency to oversee and develop Idaho's water resources, in order that Idaho's water might be preserved and protected for the state's own needs. To give the agency its needed powers, it was created by way of an amendment to the state constitution. The amendment provides:

"§ 7. State water resource agency.— There shall be constituted a Water Resource Agency, composed as the Legislature may now or hereinafter prescribe, *which shall have power to formulate and implement a state water plan* for optimum development of water resources in the public interest; to construct and operate water projects; to issue bonds, without state obligation, to be repaid from revenues of projects; to generate and wholesale hydroelectric power at the site of production; to appropriate public waters as trustee for Agency projects; to acquire, transfer, and encumber title to

real property for water projects and to have control and administrative authority over state lands required for water projects; all under such laws as may be prescribed by the Legislature." (Emphasis added.)

The Water Resource Board completed its state water plan in December 1976. Early in 1977 the legislature enacted HB 14, codified as I.C. § 42–1736. That section provides that the state water plan adopted by the Water Resource Board

"shall not become effective until it has been submitted to the legislature of the state of Idaho and has been affirmatively acted upon in the form of a concurrent resolution which may adopt, reject, amend or modify the same. Thereafter, any change in the state water plan shall be submitted in the same manner to the legislature prior to becoming effective."

In 1978 the legislature passed a resolution making certain changes and deletions in the Water Resource Board's state water plan, pursuant to I.C. § 42–1736.[1] As a result, there were, in effect, two state water plans: the one completed by the Water Resource Board and the changed version of the Idaho Legislature.

Uncertain as to its potential water rights at its Swan Falls power plant on the Snake River, Idaho Power Company, plaintiff in the action giving rise to this appeal,[2] sought judicial resolution of the conflict created by the enactment of I.C. § 42–1736. Defendant Water Resource Board moved for partial summary judgment, contending I.C. § 42–1736 was unconstitutional, and defendant Department of Water Resources, joined by intervenor Idaho State Legislature, filed its own motion for summary judgment declaring I.C. § 42–1736 a constitutional exercise of legislative authority. The district court ruled in favor of the Water Resource Board, holding that I.C.

§ 42–1736 unconstitutionally interfered with the powers and duties vested in the Water Resource Board by Idaho Const. Art. 15, § 7. After an unsuccessful motion to amend the judgment, the Department of Water Resources and the Idaho Legislature filed this appeal.

■ The first question is: which entity, the legislature or the Water Resource Board, has the authority to formulate the state water plan for Idaho? We hold that the Idaho Water Resources Board has that exclusive authority. The Board is the state "water resource agency" contemplated by Idaho Const. Art. 15, § 7, and in that constitutional provision the agency is specifically empowered to "formulate and implement a state water plan." Appellants argue, however, that the concluding phrase in Art. 15, § 7, "all under such laws as may be prescribed by the legislature," subordinates the powers of the agency to those of the legislature, giving the legislature authority to amend or reject the formulated water plan of the Board.

Appellants find support for their argument in an opinion from the Idaho Attorney General issued shortly after I.C. § 42–1736 was enacted.[3]

■ In that opinion the attorney general, noting that the amendment called only for "formulation and implementation" of a water plan by the Board, and reasoning that a plan could not be effective until someone "adopted" it, concluded that an implied authorization existed for the legislature to either amend and adopt, or reject, the plan. We disagree with this interpretation for several reasons. First, we find no basis for drawing a distinction between the terms "formulate" and "adopt"; the two words are both used to signify "create" or "bring into existence." In fact, they have been used interchangeably.[4] The Attorney

---

1. H.Con.Res. 48, 44th Leg., 2d Sess., 1978 Idaho Sess. Laws 1003.

2. This court's recent opinion in *Idaho Power Co. v. State of Idaho,* Idaho, 661 P.2d 741 (1982), addressed the water rights issues in this same action.

3. Op. Att'y Gen. 77–26 (1977).

4. For a thorough discussion of this question see Grant, the Idaho Water Plan: Two Threshold Constitutional Problems and Suggested Solutions, 15 Idaho L.Rev. 443, 449–455 (1979).

General's Statement of Meaning and Purpose, included on the ballot at the time Art. 15, § 7 was submitted to the electorate for ratification, alternatively refers to the agency's power to "formulate and implement" as "the power to adopt and put into effect." [5] Second, drawing inferences from what is *not* contained in a constitutional provision is chancy business indeed; to conclude the framers of the amendment intended a third step, *i.e.*, approval by the legislature, be included in the formulation and implementation of the water plan, because it was not otherwise provided for, would stretch constitutional interpretation beyond its limits. Third, there is a good explanation for the omission of "adopt" from the "formulate and implement" clause of the amendment: under any accepted meaning of the word "adopt" it would have been redundant to include it. There would be no reason for the Board to adopt its own plan.[6]

Regarding appellants' contention that the concluding phrase in Art. 15, § 7, subordinates the powers of the agency to those of the legislature, it is a principle of constitutional interpretation that provisions apparently in conflict must be reconciled if at all possible. *Engelking v. Investment Board,* 93 Idaho 217, 458 P.2d 213 (1969). Only when an irreconcilable conflict exists will the court resort to methods of statutory or constitutional interpretation which would have one provision prevail over another. *Id.* at 221, 458 P.2d at 217. Were we to accept appellants' suggested interpretation of this concluding language, namely that it gives to the legislature ultimate authority to determine what goes ino the state water plan, we would create a conflict with the second clause of the amendment. That clause provides that the agency "shall have power to formulate and implement a state water plan." Further, to give effect to appellants' interpretation would require at least partial nullification of the amendment's specific language of authorization in favor of the more general, and less certain in application, concluding phrase. We cannot do this, especially when an alternative interpretation exists which avoids such conflict altogether.

We therefore conclude that the final phrase "all under such laws as may be prescribed by the legislature" applies primarily to procedural matters, and not to the specific, substantive grants of power enumerated in Art. 15, § 7. The framers of the constitutional amendment, and the electorate through its ratifying vote, could not have intended that the amendment abrogate its own explicit grants of power. The more likely intention would be that the legislature have a certain degree of control over the formation and operation of the agency. We note that this interpretation is consistent with other language in the amendment which reserves to the legislature the authority to determine the composition of the agency. In fact, a good representation of the type of "laws ... prescribed by the legislature" which this provision contemplates the agency be governed by is the implementing legislation enacted after adoption of the constitutional amendment. I.C. §§ 42–1731 through 42–1735 provide for organization and operation of the Water Resource Board *consistent* with the provisions of Art. 15, § 7 of the Constitution. In other words, we interpret the phrase in question to be an expression of the legislature's authority to enact such laws as may be necessary to the carrying out of the purposes of the constitutional provision. The Water Resource Board necessarily depends on the legislature for a certain amount of implementing legislation

---

5. "This proposed amendment, if approved, would add a new section to the Constitution creating a Water Resources Agency to be composed as the Legislature may prescribe. Such an Agency would have the power to *adopt* and *to put into effect* a State water plan, to develop water resources in the public interest; to generate and wholesale hydroelectric power at the site of production, to appropriate public waters and to acquire and control real property for such water projects." (Emphasis added.) S.J. Res. 1, 37th Leg., Extr.Sess., 1964 Idaho Sess. Laws 22 (proposed amendment to Idaho Const., Gen. Election, Nov. 3, 1964).

6. Grant, *supra* at 451–455.

to enable it to fulfill its constitutional responsibilities.

The next question is whether I.C. § 42–1736 is constitutional. Of course, it follows from our interpretation of Art. 15, § 7, above, that it is not, since it purports to authorize the legislature to perform functions constitutionally assigned to the Board. But even if I.C. § 42–1736 had authorized legislative action which was not in conflict with Art. 15, § 7 of the constitution, it could still have no legal effect because it provides for legislative action on the state water plan by means of a concurrent resolution. The state legislature can enact no law except it be by the constitutionally prescribed process, which requires that every bill, before it becomes law, be presented to the governor. Idaho Const. Art. 3, § 15; Art. 4, § 10. To the extent that Art. 15, § 7 authorizes the legislature to influence the operation of the Water Resources Board, it does so only as to "such *laws* as may be prescribed by the legislature" (emphasis added). Legislative action by resolution is not a "law" in that context. *See, Griffith v. Van Deusen,* 31 Idaho 136, 169 P. 929 (1917); *Balderston v. Brady,* 17 Idaho 567, 107 P. 493 (1910).

A more difficult question is raised by I.C. § 42–1736A, wherein H.C.R. No. 48, *supra,* is "recognized as the guide for the state water plan of Idaho," and I.C. § 42–1736B(2), which provides that "[a]ll water plans ... proposed by the water resource board shall be subject to review and approval of the legislature. . . ." The latter provision, in I.C. § 42–1736B(2) unconstitutionally infringes on the Water Resource Board's authority to determine *the* state water plan, and is therefore invalid.

I.C. § 42–1736A is also unconstitutional to the extent that it would enable the legislature to supplant the Board's power to set out an official statement of Idaho water policy in the "State Water Plan." However, aside from the fact that the legislature cannot modify the state water plan by statute, we do not have before us, and

decline to decide, the legal effect of legislative enactments in conflict with stated water policy as set out in the plan. We have addressed only the conflict between attempted authorization of a legislatively-created, new state water plan, and the constitutional provision specifically authorizing the Board to produce the plan. We do not address the situation where the legislature has enacted legislation which, rather than attempting to amend the state water plan, provides for specific action by some entity which conflicts with the plan.

We note, finally, that in our opinion in *Idaho Power Co. v. State of Idaho, supra* note 2, we referred to the "State Water Plan" as "enacted by the legislature in 1978 and codified at I.C. § 42–1736A (1981 Supp.)." In that case we had not had presented to us the constitutional issue which is the subject matter of this case, and that decision must be read and interpreted in light of this decision. The state water plan was adopted by the Water Resource Board December 29, 1976, and was effective as the date of its adoption, without any legislative action. Our present holding has no effect on the result in that case, however, since the state water plan, H.C.R. No. 48, and I.C. § 42–1736A all provide for the same minimum stream flows at the Murphy guaging station.

The judgment of the district court is affirmed.

DONALDSON, C.J., and SHEPARD, BAKES and BISTLINE, JJ., concur.