**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40941**

STATE OF IDAHO,                          )
                                         )     **2014 Opinion No. 42**
        Plaintiff-Respondent,            )
                                         )     **Filed: May 19, 2014**
v.                                       )
                                         )     **Stephen W. Kenyon, Clerk**
KENNY CARL STRUHS,                       )
                                         )
        Defendant-Appellant.             )
                                         )

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Judgment of conviction and sentence for vehicular manslaughter, <u>affirmed</u>. Restitution order <u>vacated</u> and case <u>remanded</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Kenny Carl Struhs appeals from his conviction for vehicular manslaughter. He contends that his sentence is excessive and that restitution to the decedent's spouse for health insurance premiums paid in replacement for the husband's lost employer-based insurance was awarded in error. We affirm the sentence, but vacate the challenged portion of the restitution award.

**I.**

**BACKGROUND**

Struhs, while under the influence of alcohol, ran a stop sign and collided with a motorcyclist. The motorcyclist was killed and his six-year-old daughter was injured. Struhs drove away, wrecking his vehicle a short time later. He was charged with vehicular manslaughter, Idaho Code § 18-4006(3)(b), and leaving the scene of an accident causing injury or death, I.C. § 18-8007. Pursuant to a plea agreement, Struhs pleaded guilty to vehicular

1

manslaughter and the State dismissed the remaining felony. The district court imposed a unified sentence of fifteen years, with ten years fixed.

Thereafter, the State sought an award of victim restitution for the decedent's spouse. The district court awarded restitution for funeral expenses, medical expenses, and the decedent's lost wages up to the date of the sentencing hearing. Over Struhs' objection, the court also awarded $761.85 for health insurance premiums paid by the decedent's spouse to replace the less costly insurance that had previously been available through the decedent's employer. This restitution for insurance premiums was also calculated up to the date of the sentencing hearing.

On appeal, Struhs contends that the district court erred in awarding restitution for the health insurance premiums and that his sentence is excessive.

## II.

## ANALYSIS

### A.     Restitution for Insurance Premiums

Idaho Code § 19-5304(2) authorizes the sentencing court to order a criminal defendant to pay restitution for "economic loss to the victim." Economic loss includes "direct out-of-pocket losses or expenses . . . resulting from the criminal conduct." I.C. § 19-5304(1)(a). Whether restitution is proper and, if so, the appropriate amount, is committed to the discretion of the sentencing court. *State v. Hill*, 154 Idaho 206, 211, 296 P.3d 412, 417 (Ct. App. 2012); *State v. Higley*, 151 Idaho 76, 78, 253 P.3d 750, 752 (Ct. App. 2010); *State v. Card*, 146 Idaho 111, 114, 190 P.3d 930, 933 (Ct. App. 2008). Therefore, a restitution award will be disturbed on appeal only if the appellate court finds an abuse of discretion. When a trial court's discretionary decision is reviewed on appeal, we must determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistent with any applicable legal standards; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *State v. Wakefield*, 145 Idaho 270, 273, 178 P.3d 635, 638 (Ct. App. 2007).

Struhs asserts that the district court acted beyond the bounds of its discretion by awarding restitution for health insurance premiums paid in replacement for the decedent's lost, less costly, employer-based insurance. We conclude that Struhs is correct.

2

The issue is governed by our Supreme Court's recent decision in *State v. Straub*, 153 Idaho 882, 292 P.3d 273 (2013), where the Court identified certain limits upon restitution awardable under I.C. § 19-5304. In *Straub*, also a vehicular manslaughter case, the prosecutor sought restitution that included compensation for lost future wages and the surviving spouse's expense in securing three years of medical insurance coverage to substitute for coverage previously provided through the decedent's employer. On appeal, the defendant did not dispute the award for lost wages and insurance premiums incurred through the date of sentencing, but challenged the propriety of the restitution award for the loss of future wages and future insurance premiums. As to wages, the Supreme Court held that restitution was available for lost wages through the date of sentencing,[1] but that the claim for lost future wages was speculative in that it was not an "economic loss which the victim actually suffers," as required by I.C. § 19-5304(2), nor a quantifiable "out-of-pocket loss" as required by I.C. § 19-5304(1)(a). *Straub*, 153 Idaho at 890, 292 P.3d at 281.

The Supreme Court also disallowed the award for future insurance premiums, but on a different analytical basis than its rejection of lost future wages. The Court said that the health insurance premiums were not compensable in restitution because they were not a sufficiently direct consequence of the criminal conduct. The Court explained:

> On the award of future medical insurance premiums, Straub specifically disputes the $30,697.20 for "anticipated insurance premiums." According to the district court, these future premiums are not based on speculation. The premiums are for continuation of the COBRA health coverage program that the Websters' [sic] purchased after the accident but before the restitution hearing. However,

---

[1] The *Straub* decision is not entirely clear on whether the cutoff date is the date of sentencing or the date of the restitution award, as it seems to use these terms interchangeably. At one point it states, "Given the above analysis, we hold that actual out-of-pocket medical expenses and lost wages up to the date of sentencing may be included in a restitution order consistent with the language of I.C. § 19-5304," *Straub*, 153 Idaho at 889, 292 P.3d at 280. It also notes, with seeming approval, that a lost wages award in *State v. Higley*, 151 Idaho 76, 253 P.3d 750 (Ct. App. 2010) "appeared to cut wages off to the time of sentencing." *Straub*, 153 Idaho at 890, 292 P.3d at 281. However, *Straub* also states, "While lost wages are allowed under statute, awarded wages are limited to the quantifiable out-of-pocket losses at the time of the restitution award." *Id.* It should be noted that the restitution hearing in *Straub* occurred before the sentencing. Until further guidance from the Supreme Court, we interpret *Straub* to limit a lost wages award to the amount accrued as of the date of the sentencing hearing. Otherwise, restitution awards could be artificially enlarged by a strategy of postponing a hearing on the restitution issue for as long as possible.

there is a distinction between medical expenses and medical insurance. Medical expenses are expressly included in the definition for economic loss in I.C. § 19-5304(1)(a) if they are a direct result of the criminal conduct. In contrast, the acquisition of medical insurance does not directly correlate as a direct consequence of the criminal conduct. Although it is foreseeable that the death of the lone family breadwinner would leave the family without health insurance, foreseeability does not equal a "direct" result.

*Straub*, 153 Idaho at 890, 292 P.3d at 281. Thus, the Court held that because the restitution statute defines "economic loss" to include only "direct out-of-pocket losses or expenses," I.C. § 19-5304(1)(a), and because more costly premiums for replacement health insurance are not a sufficiently direct result of the criminal act, they do not constitute economic loss that is compensable through a restitution order.

The *Straub* Court did not directly address the district court's restitution award for premiums paid for insurance coverage up to the date of sentencing because the defendant did not challenge that portion of the restitution award. The Court's reasoning, however, precludes restitution for replacement health insurance premiums regardless of whether they are for coverage predating or post-dating the sentencing hearing. Therefore, we conclude that the district court erred in ordering Struhs to pay restitution for insurance premiums paid by the decedent's surviving spouse to secure substitute insurance.

B.     **Sentence**

Struhs also contends that his unified sentence of fifteen years with ten years fixed is excessive. Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *Hedger*, 115 Idaho at 604, 768 P.2d at 1337; *State v. Ozuna*, 155 Idaho 697, 704, 316 P.3d 109, 116 (Ct. App. 2013). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Marsh*, 153 Idaho 360, 366, 283 P.3d 107, 113 (Ct. App. 2011); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Adams*, 147 Idaho 857, 864, 216 P.3d 146, 153 (Ct. App. 2009); *State v. Young*, 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct. App. 1991). We will find that the trial court abused its discretion in sentencing only if the defendant, in light of the objectives of sentencing,

4

shows that his sentence was excessive under any reasonable view of the facts. *State v. Arthur*, 145 Idaho 219, 223, 177 P.3d 966, 970 (2008); *State v. Charboneau*, 124 Idaho 497, 499, 861 P.2d 67, 69 (1993); *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).

In imposing sentence, the district court referenced Struhs' "atrocious" driving record and his criminal history. That history shows a conviction for driving under the influence (amended from felony aggravated driving under the influence); seven convictions for driving without privileges; and convictions for disturbing the peace, inattentive driving, and failing to stop at an accident. The court also considered Struhs' longstanding and severe substance abuse. In a substance abuse evaluation, Struhs estimated that he drank thirty-five beers on the evening of his crime and said that he drinks to excess every day except when he has custody of his children. Struhs also admitted to driving drunk over 250 times in the previous year while he was on probation. He said that when regularly driving back to Idaho from his workplace in North Dakota he would buy an eighteen-pack of beer, which he would consume by the time he reached Billings, Montana. In Billings, he would purchase another eighteen-pack of beer to sustain him until he arrived at his home in Blackfoot, Idaho. It is apparent that the district court properly considered Struhs to be a severe threat to the safety of other motorists. The district court also considered the devastating effect of Struhs' crime on the victim's wife and their five young children.

In asserting that the district court abused its sentencing discretion, Struhs notes in mitigation that "[f]rom his first contact with the police throughout the criminal proceedings, [he] took responsibility and expressed remorse for his crime." This assertion ignores the fact that Struhs' drove away from the scene of the accident and that his first contact with the police occurred only after he had wrecked his car. Thus, Struhs "took responsibility" only after first attempting to escape responsibility. As to Struhs' remorse, although he expressed regret and remorse at the sentencing hearing, the presentence investigator reported that he had seen very little remorse from Struhs.

Having reviewed the record in this case, and considering the severity of Struhs' crime, his criminal history and character, and the risk he presents to society, we cannot say the district court abused its discretion by sentencing him to a unified term of fifteen years, with a minimum period of confinement of ten years.

5

### III.

### CONCLUSION

Struhs' judgment of conviction and sentence are affirmed. The restitution order is vacated with respect to the $761.85 award for health insurance premiums, and the matter is remanded for the entry of a corrected restitution award.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**