**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49404**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 21, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| HEATHER LEE HAWKING, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Gerald F. Schroeder, District Judge; Hon. David D. Manweiler, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming order of restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Heather Lee Hawking appeals from the district court's decision on intermediate appeal affirming the magistrate court's order of restitution.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

In July 2018, Hawking rented a motel room where she kept approximately fifty cats for several days.  The State charged Hawking with felony malicious injury to property alleging she had allowed the cats "to scratch items and/or defecate and/or urinate throughout the room."  The State later amended the charge to misdemeanor malicious injury to property.  In October 2018, a new owner purchased the motel.

1

The case proceeded to trial in magistrate court in August 2020, and the court found Hawking guilty and scheduled an evidentiary hearing to address restitution. During the restitution hearing, the prosecutor presented the testimony of a restitution coordinator for the State, the motel's general manager in October 2018, and the motel's general manager at the time of hearing. Additionally, numerous exhibits showing replacement costs to repair the motel room were admitted into evidence.

Following the presentation of this evidence, Hawking's counsel argued the motel's new owner was not the appropriate individual to seek restitution and was "not the crime victim" because there was "no way to indicate whether or not the damages to [the] room had been compensated for in the sale."

Rejecting this argument, the magistrate court ruled:

> [The] restitution statute does define the victim broadly. The new owners are essentially either an individual or entity that took the property essentially in a damaged condition due to a real estate contract. They essentially stepped into the shoes of the previous owners by way of that contract. I do find them to be appropriate victims for the purposes of restitution.

Subsequently, the court entered a restitution order awarding $3,708.40 to the motel.

Hawking appealed this order to the district court, arguing the motel's new owner was not a victim and did not suffer economic loss. The court affirmed the magistrate court's restitution order. Hawking timely appeals the district court's decision on intermediate appeal.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

A trial court's order of restitution is reviewed for an abuse of discretion. *State v. Foeller*, 168 Idaho 884, 887, 489 P.3d 795, 798 (2021). When a trial court's discretionary decision is

2

reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hawking argues the district court erred by affirming the magistrate court's restitution order. She asserts that "because the ownership of the hotel changed hands after the incident [the new owner] was not the 'victim' and did not actually suffer economic loss." In support, Hawking argues that "the new owner is a different legal entity than the old owner"; evidence is lacking "regarding the terms of the sale and whether the new owner was compensated for the state of the room"; and substantial evidence does not support the magistrate court's "finding that the new owner stepped into the shoes of the former owner."

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. A "victim" is defined as "a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(1)(e)(i). "Economic loss" is defined as "the value of property taken, destroyed, broken, or otherwise harmed, lost wages, and direct out-of-pocket losses or expenses, such as medical expenses resulting from the criminal conduct." I.C. § 19-5304(1)(a).

Whether to order restitution and in what amount is within the trial court's discretion, guided by consideration of the factors in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). The appropriate amount of restitution is a question of fact for the trial court, *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010), and must be based on a preponderance of evidence. *State v. Smith*, 144 Idaho 687, 695, 169 P.3d 275, 283 (Ct. App. 2007); *see also* I.C. § 19-5304(6).

This Court will not disturb a trial court's restitution findings if substantial evidence supports those findings. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013). Substantial evidence

3

may support a restitution order even if the evidence is conflicting. *Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, 322, 297 P.3d 1134, 1139 (2013).

On appeal, Hawking does not dispute the causal connection between her conduct and the economic loss suffered or the amount of that economic loss. Rather, Hawking contends that the motel's owner at the time of the incident is the victim and that substantial evidence does not support the magistrate court's conclusion that the new owner is a victim who suffered economic loss. We disagree.

In support of an award of restitution, the State presented the testimony of the general manager of the motel at the time its ownership changed. According to her testimony, "nothing was done when that incident happened until the new owner came on board"; "when the new owner came on board [the general manager] alerted [the new owner that] we needed to gut that whole entire room because it was just--it was in no condition to rent"; and after the sale, the new owner was "looking at the pricing of repairing and replacing everything in that room." Additionally, the State presented the restitution coordinator's testimony that she worked with both the general manager for the motel at the time ownership changed and at the time of the restitution hearing to develop a document showing the economic loss suffered. This document was admitted into evidence.

Based on this evidence, we conclude substantial evidence supports the magistrate court's restitution order regarding both the identity of the victim and the economic loss suffered. Contrary to Hawking's argument, the evidence shows the motel's new owner bore the cost of repairing the room, which remained unrepaired when the motel's ownership changed. The evidence does not show that the owner at the time of the incident and the new owner are "different" legal entities, as Hawking asserts. Although the evidence does not show whether the new owner purchased the legal entity holding the motel's assets or only the motel's assets, Hawking fails to cite any authority that this evidence is essential to determine the identity of the victim suffering the economic loss. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996) (ruling party waives appellate issue if either authority or argument is lacking). Likewise, Hawking fails to cite any authority in support of her assertion that it was the State's burden (versus her burden) to present "evidence as to whether the new owner was compensated for the state of the room in the sale" for purposes of reducing the amount of restitution awarded. *See id.*

## IV.

### CONCLUSION

Substantial and competent evidence supports the magistrate court's findings of fact, and the court's conclusions of law follow from those findings. Accordingly, we affirm the district court's decision on intermediate appeal affirming the magistrate court's restitution order.

Judge GRATTON and Judge HUSKEY **CONCUR**.