**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 35555**

| | |
|---|---|
| STATE OF IDAHO,<br><br>　　　　Plaintiff-Respondent,<br><br>v.<br><br>JOHN SCOTT MEIER,<br><br>　　　　Defendant-Appellant. | 2010 Opinion No. 8<br><br>Filed: February 2, 2010<br><br>Stephen W. Kenyon, Clerk |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying I.C.R. 41 motion to return property, affirmed.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

John Scott Meier appeals from the district court's order denying his I.C.R. 41(e) motion to return property. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

While Meier was on probation for felony possession of a controlled substance, he was suspected of participating in a number of thefts from local retail stores involving fraudulent merchandise returns. His probation officer, accompanied by law enforcement and loss prevention specialists from the victimized stores, searched Meier's storage unit and apartment for stolen merchandise. Several items of merchandise were found which were identified as stolen from their respective stores by the loss prevention specialists. These items were seized by the officers. Officers also discovered a briefcase containing child pornography. Meier pled guilty to possession of a sexually exploitative material and being a persistent violator. The state

1

dismissed additional counts of possession of sexually exploitative material and agreed not to file any charges relating to the pending theft investigation. The district court imposed a fixed life sentence, which this Court affirmed in an unpublished opinion. *State v. Meier*, Docket No. 34261 (Ct. App. Feb. 1, 2008).

While Meier's appeal of his sentence was pending, he filed a motion pursuant to I.C.R. 41(e) to have the property which the state seized during the search of his storage unit and apartment returned to him. In support of his motion, Meier submitted the police inventory lists of the seized property, as well as several unrelated receipts from a store other than the stores identified as victims. At the hearing on his motion, Meier testified that he was the lawful owner of all of the items on the police lists. His attorney represented that the additional receipts from the other store were to show that he had made purchases of valuable items. After the hearing, the state submitted affidavits from the loss prevention officers that the property in question belonged to the victim stores. The district court denied Meier's motion, finding that the stores were the true owners of the property. Meier appeals.

## II.

## ANALYSIS

Meier argues that the district court abused its discretion by denying his motion for the return of property when it found that he had the burden of proving that he was entitled to lawful possession of the property. He contends that the state bears the burden of proof. Idaho Criminal Rule 41(e) provides:

> A person aggrieved by a search and seizure may move the district court for the return of the property on the ground that the person is entitled to lawful possession of the property and that it was illegally seized. The motion for the return of the property shall be made only in the criminal action if one is pending, but if no action is pending a civil proceeding may be filed in the county where the property is seized or located. The court shall receive evidence on any issue of fact necessary to the decision on the motion. If the motion is granted the property shall be restored and it shall not be admissible in evidence at any hearing or trial. If a motion for return of property is made or comes on for hearing after a complaint, indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Meier argues that, concerning the burden of proof, this rule should be interpreted similar to its federal counterpart, which provides:

A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).

There is no Idaho case law dealing with allocation of the burden of proof under Idaho Criminal Rule 41(e). Without the benefit of Idaho case law discussing an Idaho rule, we consider federal cases interpreting a similar provision of the federal rule. *State v. Burchard*, 123 Idaho 382, 385, 848 P.2d 440, 443 (Ct. App. 1993). Under federal case law, the movant bears the burden of proof until the property is no longer needed by the state for evidentiary purposes, either because the trial has been completed, the defendant has pled guilty, or the government has abandoned the investigation. *See United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir. 1987). At that point, the burden shifts to the state to show that it has a legitimate reason to retain the property. *Id.* In this case, the state argues that the burden does not shift under Idaho law because the language of the Idaho rule and the federal rule are substantially different. The state contends that the Idaho rule requires that the movant show that he or she is entitled to lawful possession of the property and that it was illegally seized, whereas, there is no such language in the federal counterpart. Therefore, the state claims that the burden remains, at all times, with the movant. However, the state's argument is unpersuasive.

Federal Rule of Criminal Procedure 41 was amended in 2002. Prior to that amendment, the rule contained similar language to I.C.R. 41(e). Former federal Rule 41(e) provided that one who had suffered an unlawful search and seizure or deprivation of property could move for its return on the ground that he or she was entitled to lawful possession. *See Dusenbery v. United States*, 534 U.S. 161, 165 n.1 (2002) (quoting the rule as it existed prior to the 2002 amendment). This language in the prior federal rule mirrored the current Idaho rule that a movant may seek the return of property on the ground that it was illegally seized and that he or she is entitled to lawful possession. Under this prior version, federal courts placed the burden on the state once the evidence was no longer needed for evidentiary purposes. *See, e.g.*, *United States v. Potes Ramirez*, 260 F.3d 1310, 1314 (11th Cir. 2001); *United States v. Chambers*, 192 F.3d 374, 377

3

(3d Cir. 1999); *Martinson*, 809 F.2d at 1369. Federal courts continue to use this standard even after the 2002 amendment to the federal rule. *See Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). This may be attributed to the advisory committee's note to the 2002 amendment which provides that, with certain enumerated exceptions, the amendment was a stylistic reorganization and not intended to substantively affect the meaning of the rule. *See also Jackson*, 526 F.3d at 396 n.1. Therefore, we conclude that, as it pertains to the burden of proof, there is no substantive meaning to be drawn from the semantic differences between the Idaho and federal versions of the rule and the burden of proof shifts to the state once the evidence is no longer needed for evidentiary purposes.

We next consider whether the burden of proof had shifted at the time that Meier filed his Rule 41(e) motion in this case. The Ninth Circuit has listed the instances where the burden may shift because evidence is no longer needed by the government for evidentiary purposes, including when the trial proceedings conclude, when the defendant pleads guilty, or when the government abandons its investigation. *Martinson*, 809 F.2d at 1369. We conclude that this list contemplates the final disposition of the proceedings. If there still remains the possibility that a defendant could appeal from a judgment of conviction or otherwise seek to set aside his or her conviction, then the state has a legitimate reason to retain the property in case of retrial. Pursuant to Idaho's Uniform Post-conviction Procedure Act, Meier had one year from the later of the "expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal" to file an application for post-conviction relief. I.C. § 19-4902. Had he filed a successful application, it could have resulted in a withdrawal of his guilty plea. In such a case, the evidence would be needed by the state to pursue the theft charges that were originally dismissed as a part of the plea agreement.

Meier argues that the state had elected not to bring any charges against him concerning the property at issue. However, this was a condition of the plea agreement which may no longer be of any effect should Meier file a successful application for post-conviction relief. The burden of proof in a Rule 41(e) proceeding seeking the return of property does not shift to the state until the time for filing an application for post-conviction relief expires.[1] In this case, Meier's

---

[1] We note that the expiration of the time for filing an application for post-conviction relief is not a defendant's only opportunity to seek a reversal of a judgment of conviction or withdrawal of a plea. However, we conclude the legitimacy of the state's need to retain the

judgment of conviction was entered on May 3, 2007. He filed his Rule 41(e) motion while his direct appeal of his sentence was pending. His sentence was affirmed on February 1, 2008. Thus, Meier's motion was filed within the time during which he could still have filed an application for post-conviction relief. Meier had the burden of showing that the property was illegally seized and that he was entitled to lawful possession and the district court did not abuse its discretion by attributing the burden of proof to him.

The only evidence which Meier presented to support his contention that he was entitled to lawful possession of the property was his own testimony at the hearing on his motion that all of the items on the police inventory lists belonged to him. He also presented some receipts from a different store, not to show that they pertained to specific items at issue, but for the sole purpose of showing that he could purchase expensive things. We conclude that Meier's self-serving testimony alone that the items belonged to him, in light of the affidavits submitted by the state, was insufficient to meet his burden of proving that he was entitled to lawful possession.

Meier argues that the seizure of property from a person is prima facie evidence of that person's ownership of and entitlement to the property. *See United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir. 1979). That case concerned the return of property after it was no longer needed by the government. In such cases, it is the government's burden to prove that it has a continuing interest in retaining the property. In this case, the burden remained with Meier to prove that he was entitled to the possession of the property as against the state's interests. He has failed to meet his evidentiary burden, and the district court did not abuse its discretion by denying his motion to recover the property.

Meier also contends that five of the items on the police inventory lists were not accounted for by the affidavits of the loss prevention specialists provided by the state. Therefore, he claims that he is entitled to the return of those five items regardless of the burden of proof. Meier's

---

property diminishes significantly once that initial period for filing an application for post-conviction relief has expired. Therefore, we conclude that a reasonable time for the shifting of the burden of proof to be presumptively at the expiration of the one-year filing requirement for an application for post-conviction relief. Of course, if, at any time such a motion is filed, proceedings are pending which may provide conviction relief, the burden would remain on the movant. Furthermore, we do not see how this would unjustly burden a defendant seeking the return of property as he or she can still successfully move for its return upon a showing of legal entitlement to possession of the property as against the state's interest in retention.

argument is without merit. It was his burden, not the state's, to show that he was entitled to the return of the items. He provided nothing but his broad, conclusory testimony that he was entitled to lawful possession. In addition, the district court determined that the items were properly considered as included within the affidavits submitted by the state. Meier has failed to meet his burden of proving his entitlement to these five items.

## III.

## CONCLUSION

In a Rule 41(e) proceeding, the burden of proof shifts from the movant to the state when the property is no longer needed for evidentiary purposes. At the time that Meier filed his motion, the property was still needed for evidentiary purposes because Meier could still challenge his guilty plea through an application for post-conviction relief. If Meier's guilty plea were withdrawn, the state may have pursed theft charges relating to the property. Thus, the district court did not abuse its discretion by holding that Meier had the burden of proof. Meier failed to meet his burden of proving that he was entitled to lawful possession of the property. Therefore, the district court did not abuse its discretion by denying his motion. Accordingly, the district court's order denying Meier's Rule 41(e) motion to return property is affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**