# THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46849

<table>
<tr><td>STATE OF IDAHO,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Boise, September 2020 Term</td></tr>
<tr><td>Plaintiff-Respondent,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Opinion Filed: October 5, 2020</td></tr>
<tr><td>v.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Melanie Gagnepain, Clerk</td></tr>
<tr><td>JUSTIN JAMES LOERA</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Deborah R. Bail, District Judge.

The district court's decision to partially quash Loera's subpoena *duces tecum* is <u>affirmed</u>. The district court's order awarding restitution is <u>vacated without remand</u>. This case is <u>remanded</u> with instructions for the court to award Loera 202 days of credit for time served.

Eric D. Fredericksen, Idaho State Appellate Public Defender, Boise, attorney for Appellant. Brian Dickson argued.

Lawrence Wasden, Idaho Attorney General, Boise, attorney for Respondent. Kenneth Jorgensen argued.

---

BEVAN, Justice.

## I. NATURE OF THE CASE

This appeal arises from Justin James Loera's conviction for battery on a correctional officer. Loera asserts the district court erred in three respects: first, by partially quashing his subpoena *duces tecum* based on its relevance rather than the standards prescribed in Idaho Criminal Rule 17(b); second, for ordering restitution without sufficient evidence; and third, by failing to address his request for credit for time served. We affirm the district court's decision to partially quash Loera's subpoena *duces tecum*. However, we vacate the district court's order awarding restitution and remand the case with instructions for the court to award Loera 202 days of credit for time served.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The State charged Loera with aggravated battery on a correctional officer with a persistent violator enhancement. Loera issued a subpoena *duces tecum* to the Idaho Department of Correction ("IDOC") for documents pertaining to Idaho maximum security institution standard operating procedures for management of tiers housing security threat group ("STG") inmates, including, but not limited to, proper conduct by correctional officers and staff. An STG exists when two or more inmates act in concert to threaten the security, safety, or operations of the prison facility (mainly through gang activity). IDOC moved to partially quash Loera's subpoena *duces tecum*, claiming that production of these materials was unreasonable because it required disclosure of confidential information protected by the Idaho Public Records Act and presented a serious security risk to IDOC facilities. In support of its motion, IDOC filed an affidavit of the Deputy Chief of the Division of Prisons, Randy Blades, who explained that STG's present particular threats to facility personnel, other inmates, and the public at large. Blades asserted that disclosure of these strategies would "jeopardize[] the orderly operation of the Department's prison facilities, including the Department's ability to track, monitor, and manage STG members, putting staff, inmates and the public at risk."

Loera objected to IDOC's motion to partially quash the subpoena, claiming it related to a "potential necessity defense" based on the allegation that Loera was placed in a position where he was required to aggressively react toward the correctional officers in order to protect himself from later becoming the victim of violence at the hands of other prisoners. Loera claimed that presentation of this defense required an examination of the management policies related to his housing tier. Loera also argued the STG strategies were necessary to determine whether the victim was acting as a correctional officer at the time that he was involved in the altercation, because if he was not following policies and procedures, he would be acting outside the scope of his job and duties.

The district court granted IDOC's motion to partially quash Loera's subpoena *duces tecum*. During a hearing on the motion, the district judge asked about the relevance of the STG policies and procedures before concluding, "I fail to see how the policies and procedures are relevant to any issue in this case." Ultimately, the judge characterized Loera's request as a "fishing expedition[,]" and determined it was improper based on the facts of the case. The judge explained that there is case law covering how excessive force can remove the propriety of an officer's actions, and that the question, "[didn't] have anything to do with what policies and procedures are in place."

In closing, the judge explained that the risk of publically disclosing internal policies and procedures for management of prisoners in IDOC was high and "outweigh[ed] what appear[ed] [ ] to be nonexistent relevance to any issue in this case." The case proceeded to trial and the jury returned a guilty verdict for the lesser included offense of battery on a correctional officer. Loera admitted to the persistent violator enhancement and was sentenced to ten years, with five years determinate, consecutive to sentences currently being served.

The district court also ordered restitution to the State Insurance Fund ("SIF") in the amount of $1,537.05 for payments made on behalf of the officer involved. The award stemmed from a letter in which SIF listed the assailant as "Justin Loera" and the date of incident as 06/22/18—the date of the battery. Attached to the letter was a "Paid Cost Summary," which listed the correctional officer victim as the claimant, and contained six payments made to local area medical facilities. Four of the payments listed the service date as 06/23/18 and the remaining two listed 06/26/18. The district judge ordered Loera to make restitution to SIF in the amount requested, $1,537.05, stating, "I will order restitution unless there's a specific objection to a specific receipt because I think PTSD is a real injury." The judge was evidently referencing the victim's impact statement in which the officer stated the incident caused him some issues with anxiety and post-traumatic stress disorder ("PTSD"); however, the SIF paperwork did not mention any PTSD-related treatment. Loera objected to the order granting restitution because no medical documentation was provided showing the payments made by SIF were related to the incident. The judge responded, "Okay. Supplement the record, but I'm going to go on along since this is what the State Insurance Fund has paid out . . . I am going to require that the State provide additional documentation within the next 30 days." The State never provided any more documentation.

Following his conviction, Loera filed a motion for reduction of sentence and request for credit for time served under Idaho Criminal Rule 35. Loera asserted he had a right to credit for time served between the date of his first appearance, August 8, 2018, and the date of his sentencing hearing, February 25, 2019. The district court denied the motion for a reduced sentence, not mentioning whether Loera had a right to credit for time served. The record reveals that Loera remained in custody for 202 days. Loera filed a timely notice of appeal.

### III. ISSUES ON APPEAL

1.      Did the district court abuse its discretion when it granted IDOC's motion to partially quash Loera's subpoena *duces tecum*?

3

**2.**     Was there sufficient evidence to support the district court's order granting $1,537.05 in restitution to the State Insurance Fund?

**3.**     Did the district court err by not granting Loera's motion for credit for time served?

## IV. STANDARD OF REVIEW

This Court reviews a trial court's decision to grant or deny a motion to quash a subpoena for an abuse of discretion. *State v. Joy*, 155 Idaho 1, 12, 304 P.3d 276, 287 (2013). Additionally, "[t]he decision regarding whether to order restitution, and in what amount, is within the district court's discretion and is guided by consideration of the factors set forth in Idaho Code section 19-5304(7)." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011) (citing *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002)). When this Court reviews an alleged abuse of discretion, the inquiry requires consideration of four essentials to determine whether the trial court:

> (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with the legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*State v. Le Veque*, 164 Idaho 110, 113, 426 P.3d 461, 464 (2018).

"The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence." *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013) (quoting *Corbus*, 150 Idaho at 602, 249 P.3d at 401). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.* (citing *Kinney v. Tupperware Co.*, 117 Idaho 765, 769, 792 P.2d 330, 334 (1990)).

## V. ANALYSIS

**A.     The district court did not abuse its discretion when it granted IDOC's motion to partially quash Loera's subpoena *duces tecum*.**

Loera's first argument on appeal is that the district court erred by granting IDOC's motion to partially quash his subpoena *duces tecum*. Idaho Criminal Rule 17(b) provides the applicable legal standard governing a motion to quash a subpoena. Rule 17(b) states: "The court, on motion, may quash or modify the subpoena if compliance would be unreasonable or oppressive." I.C.R. 17(b). That said, under Rule 17(b), "a trial court does not have discretion to restrict a defendant's access to potentially admissible evidence because some of it might be irrelevant." *Joy*, 155 Idaho

4

at 13, 304 P.3d at 288. This Court reviews a trial court's decision to grant or deny a motion to quash a subpoena for an abuse of discretion. *Id.* at 12, 304 P.3d at 287.

Loera claims the district court acted contrary to the applicable legal standards articulated by this Court in *State v. Joy*, by improperly focusing on the perceived relevance and admissibility of the evidence sought by his subpoena instead of the standards in Rule 17(b). In *Joy*, the defendant was charged with several crimes in connection to an altercation with his wife. 155 Idaho at 4, 304 P.3d at 279. The defendant filed a subpoena *duces tecum* to obtain images from the victim-wife's computer to impeach her testimony at trial. *Id.* at 4–5, 304 P.3d at 279–80. The State moved to quash the subpoena, first arguing the evidence sought was irrelevant and therefore the request was unreasonable or oppressive. *Id.* The district court granted the motion to quash the subpoena because the defendant failed to comply with Idaho Rule of Evidence 412. *Id.* at 12, 304 P.3d at 287. The district court stated explicitly that it was not applying the standard provided in Idaho Criminal Rule 17(b). *Id.* On appeal this Court reasoned that determining whether a subpoena was unreasonable or oppressive under Rule 17(b) fell within the district court's discretion, but concluded the court had failed to apply that standard. *Id.* at 12–13, 304 P.3d at 287–88. The Court held that evidence going toward credibility is normally admitted broadly, reasoning that "the district court will have the opportunity to consider [the evidence's] relevance at [trial]." *Id.* at 13, 304 P.3d at 288. Thus, by quashing the subpoena under Idaho Rule of Evidence 412 rather than Idaho Criminal Rule 17(b), the district court abused its discretion. *Id.*

Loera argues that the district court here acted contrary to *Joy* by assessing the relevance of the STG procedures rather than focusing on whether the request was "unreasonable or oppressive." Our holding in *Joy* is much more limited than Loera suggests. The district court in *Joy* explicitly stated it was granting the State's motion to quash the subpoena under the Idaho Rules of Evidence rather than Idaho Criminal Rule 17, thus, the court abused its discretion by failing to act consistent with the proper legal standard. 155 Idaho at 12–13, 304 P.3d at 287–88. Conversely, there is nothing in the record in Loera's case to suggest that the district court was applying any standard other than that prescribed in Rule 17(b). Although the district court made several comments on the relevance of the STG policies and procedures, it ultimately weighed the risk of disclosure of IDOC's policies against Loera's need for the information. It is logical that the relevance or materiality of the evidence sought by a subpoena is an appropriate subset of any analysis determining whether a request is unreasonable or oppressive.

5

That said, there is little guidance for district courts in Idaho on what qualifies as an "unreasonable or oppressive" request under Rule 17(b). The State urges this Court to follow the test set out by the United States Supreme Court in *U.S. v. Nixon*, 418 U.S. 683 (1974). In cases where no Idaho case law is directly on point, federal case law interpreting a similar federal rule can be persuasive. *See, e.g.*, *State v. Meier*, 149 Idaho 229, 231, 233 P.3d 160, 162 (Ct. App. 2010). The federal rule governing the proper standard for quashing a subpoena *duces tecum* in a criminal case is much like Idaho Criminal Rule 17(b), and states that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). The United States Supreme Court provided a four-factor test while interpreting the "unreasonable or oppressive" language of the federal rule:

> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700. These factors require the district court to conduct a "discretionary, case-by-case inquiry[.]" *United States v. Krane*, 625 F.3d 568, 574 (9th Cir. 2010). The Ninth Circuit has elaborated that "Rule 17(c) was not intended as a discovery device, or to allow a blind fishing expedition seeking unknown evidence." *United States v. Villa*, 503 F. App'x 487, 489 (9th Cir. 2012) (quoting *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984)).

While we find these factors and the analyses of these courts informative, we conclude that there is no reason to adopt the *Nixon* framework here. Under Idaho's Rule 17(b), trial courts are imbued with wide latitude to determine what might make the requested information sought by subpoena "unreasonable or oppressive." Thus, a trial judge may properly consider whether a party is undertaking a "fishing expedition" or what the "relevance" or "materiality" of the information might be in any given case. As we recently noted, Rule 17 is independent of the discovery and exchange of information between the prosecution and the defense. *See State v. Ish*, 166 Idaho 492, 511, 461 P.3d 774, 793 (2020) ("Rule 16 [the discovery rule] applies to the prosecutor and defense counsel, while the subpoena power under Rule 17 extends to all others."). Thus, with third parties involved, it is appropriate for the trial judge to consider whatever information it deems necessary to determine whether a request is unreasonable or oppressive. Likewise, the judge might find

additional considerations meaningful in exercising discretion, including whether the subpoena "fails to allow time for compliance, requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden . . . ." I.R.C.P. 45(d). While these latter factors are in our civil rule governing subpoenas, and a trial judge may not depend solely on factors independent of the criminal rule's "unreasonable or oppressive," standard, *see State v. Joy*, *supra*, we see no reason to hamper a criminal trial judge from considering such criteria in making discretionary decisions about the reasonableness or potential overbearing nature of a criminal subpoena.

Loera claimed that the STG strategies were essential to a potential "necessity defense" because correctional officers placed him in a position where he had to react violently toward the correctional officers in order to protect himself from becoming the victim of violence. Loera also argued the STG strategies were necessary to determine whether the victim was acting as a correctional officer at the time that he was involved in the altercation, because if he was not following policies and procedures, he would be acting outside the scope of his job and duties. The district court granted IDOC's motion to partially quash the subpoena after concluding that even if this were a situation that triggered self-defense, that defense had nothing to do with IDOC's policies and procedures governing STG's. The court determined that the State's interest in keeping that information confidential considerably outweighed its nonexistent relevance to any issue in this case. The court also concluded that the risk to IDOC's legitimate policies and procedures was high.

We hold that the district court acted within its discretion by granting IDOC's motion to partially quash Loera's subpoena *duces tecum*. While the rules of evidence alone cannot undergird a discretionary determination on a subpoena, as we held in *Joy*, the relevance or materiality of information sought is certainly part of the proper analysis of these questions by trial courts. There is nothing to suggest in this record that the district court failed to act consistently with the applicable legal standards governing its decision. The district court's concern with the relevance of the STG management procedures does not alone push its conclusion "outside the outer boundaries of its discretion." Further, the scope of the district court's order quashing the subpoena only pertained to general policies and procedures related to management of STG inmates. The record shows that IDOC produced specific information relating to the proper conduct by officers.

We affirm the district court's order granting IDOC's motion to partially quash Loera's subpoena *duces tecum*.

**B.    We vacate the district court's order of restitution to the State Insurance Fund because it was not supported by substantial evidence.**

Next, Loera challenges the sufficiency of the evidence supporting the district court's order granting restitution on two fronts. First, Loera questions the district court's comments about PTSD, highlighting the fact that nothing in the record shows the actual amount paid for any kind of mental health care or treatment related to PTSD. Instead, the record shows that several payments for *physical* examinations were made by the SIF. Second, Loera argues there is insufficient evidence to support the restitution award based on the State's failure to comply with the district court's order to supplement the record within 30 days. Loera notes that the record lacks any hospital records, or physicians' letters that prove causation. Loera claims this failure to provide adequate documentation shows the State has not met its burden and that the order for restitution is not supported by sufficient evidence.

A court may order restitution if a defendant is found guilty of any crime which causes "actual economic loss" to the victim. I.C. § 19-5304(2). "The decision regarding whether to order restitution, and in what amount, is within the district court's discretion and is guided by consideration of the factors set forth in Idaho Code section 19-5304(7)." *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011) (citing *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 Ct. App. 2002)). "The district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence." *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013) (quoting *Corbus*, 150 Idaho at 602, 249 P.3d at 401)). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id*. (citing *Kinney v. Tupperware Co.*, 117 Idaho 765, 769, 792 P.2d 330, 334 (1990)). The issue of causation in restitution cases is a question of fact to be decided by the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401. A restitution award based on the amount paid by the insurer for damage caused by the defendant is not an abuse of discretion when the benefit amounts are supported by sufficient evidence. *State v. Cottrell*, 152 Idaho 387, 398, 271 P.3d 1243, 1254 (Ct. App. 2012) (citing *State v. Taie*, 138 Idaho 878, 879–80, 71 P.3d 477, 478–79 (Ct. App. 2003)).

The district court awarded restitution based on a letter submitted by the SIF, which sought reimbursement for the "incident involving Justin Loera" and included a paid cost summary

8

showing the billing provider, the dates of the treatments and the amount paid. That said, no description of the treatment is included anywhere in the record. Loera objected to the district court's order for lack of evidence showing the physical examinations related to the incident with Loera. The district court ordered the State to supplement the record with this information within 30 days. The State never supplemented the record with any documents to corroborate the SIF letter.

We recently considered similar facts in *State v. Oxford*, No. 46608, 2020 WL 5835071 (Idaho Oct. 1, 2020). There, the Crime Victims Compensation Program ("CVCP") sought restitution for payments made on behalf of a victim. *Id.* at *9. The only evidence submitted supporting an order of restitution was a one-page, unsworn letter and a payment summary that listed the "provider," the "billed amount," the "non allowed amount," the "allowed amount," the "CVCP payment to claimant," and the "CVCP payment to provider." *Id*. The letter did not provide descriptions of the types of services provided or the date of such services. The district court ordered the State to provide more information so it could adequately review the request. *Id*. The State provided no other information. *Id*. We held the unsworn letter could not support an order of restitution under Idaho Code section 19-5304. *Id*. Further, based on the State's failure to supplement the record with supporting documentation as requested by the district court we held the appropriate remedy was to vacate the restitution award without remanding it. *Id*.

Likewise here, the district court ordered the State provide more documentation to support SIF's restitution request. The State failed to supplement the record with any other documentation. Although nothing in the record suggests the SIF payments were fraudulent or mistaken, the State carries the burden to prove causation as to the restitution payments by a preponderance of the evidence. I.C. § 19-5304(6). The State failed to meet this burden. We vacate the district court's restitution award based on insufficient evidence in the record and the case will not be remanded on this issue for the reasons stated in *Oxford*, at *9.

## C.     The district court erred by not granting Loera's motion for credit for time served

Last, Loera contends the district court erroneously failed to address the credit for time served issue in his Idaho Criminal Rule 35 motion. A defendant has a right to credit for time served for "any period of incarceration prior to entry of judgment." I.C. § 18-309(1); *see also State v. Brand*, 162 Idaho 189, 193, 395 P.3d 809, 813 (2017) (quoting *State v. Owens*, 158 Idaho 1, 4, 343 P.3d 30, 33 (2015) ("Idaho Code section 18-309's plain language unambiguously states that a defendant receives credit for time served on each of his offenses, whether to be served concurrently

or consecutively."). Nothing in the record suggests that Loera was out of custody at any point throughout the case. We remand the case with instructions for the district court to enter an order awarding Loera 202 days of credit for time served.

## VI. CONCLUSION

We affirm the district court's decision to partially quash Loera's subpoena *duces tecum*. However, we vacate the district court's order awarding restitution without remand on this issue. We remand the case with instructions for the district court to award Loera 202 days of credit for time served.

Chief Justice BURDICK, Justices BRODY, STEGNER and MOELLER, CONCUR.