**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48821**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 28, 2022** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CORY R. LUCERO, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Thomas W. Clark, District Judge. Hon. Rick Carnaroli, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, vacating and remanding order for restitution, <u>reversed</u>.

David Martinez, Chief Public Defender; J. Scott Andrew, Chief Deputy Public Defender, Pocatello, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kolby K. Reddish, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Cory R. Lucero appeals from a decision of the district court, on intermediate appeal from the magistrate court, vacating and remanding an order for restitution. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

After being charged with domestic battery in the presence of a child, Lucero pled guilty to an amended charge of misdemeanor battery. Following sentencing, the State sought $558.34 in restitution for the victim's medical expenses. Lucero filed a written objection to the restitution request, but did not indicate why the request was objectionable. During a subsequent restitution hearing, Lucero argued that the medical bills attached to the State's motion for restitution were

1

insufficient to support a restitution award because they either did not specify the treatment provided or failed to establish a causal connection to his criminal conduct. The magistrate court continued the restitution hearing to allow the State an opportunity to address Lucero's objections.

During a second restitution hearing, the State withdrew its request for medical expenses that Lucero argued lacked specificity, leaving only $247.90 for emergency room treatment and medical imaging. Lucero renewed his prior challenge to this amount, arguing that the victim's medical bills alone failed to establish a causal connection with his offense because about two weeks had elapsed between the offense and the medical treatment. The State responded that the victim was not present at the hearing due to a "miscommunication" but, if given a one-week continuance, the State could secure her presence to explain "why she waited two weeks" to seek medical treatment. Instead of continuing the hearing again, the magistrate court granted the State's restitution request, reasoning the nature of the victim's injuries (*i.e.*, two hair-line rib fractures and facial bruising) gleaned from police reports and the victim impact statement given at sentencing explained the lapse of time.

On intermediate appeal, the district court concluded that there was insufficient evidence to establish that Lucero's criminal conduct caused the victim's medical expenses and remanded the case.[1] Lucero again appeals, arguing the district court should have vacated the restitution order without remanding.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's

---

[1]     Following the district court's decision on intermediate appeal, but prior to the issuance of a remittitur, the magistrate court held another restitution hearing. Although the record on appeal lacks a transcript of this hearing, the court minutes indicate that an unidentified witness testified during the hearing, Lucero's counsel cross-examined the witness, and the magistrate court again ordered Lucero to pay $247.90 in restitution to the victim. About two hours after issuance of the written restitution order, Lucero petitioned for rehearing of the district court's decision on intermediate appeal. Before the district court ruled on the petition for rehearing, Lucero filed a notice of appeal to the Idaho Supreme Court.

2

conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

The parties' arguments on appeal focus upon the district court's decision to remand for another restitution hearing. However, the applicable standard of review first requires review of the magistrate court's factual findings and legal conclusions. Based upon our review of the relevant findings of fact and conclusions of law by the magistrate court, we hold that the district court erred in vacating Lucero's restitution order. Consequently, it is unnecessary to resolve the dispute over the district court's decision to remand.

Idaho Code Section 19-5304(2) authorizes a sentencing court to order a defendant to pay restitution for economic loss to the victim of a crime. The decision of whether to order restitution, and in what amount, is within the discretion of a trial court, guided by consideration of the factors set forth in I.C. § 19-5304(7) and by the policy favoring full compensation to crime victims who suffer economic loss. *State v. Richmond*, 137 Idaho 35, 37, 43 P.3d 794, 796 (Ct. App. 2002); *State v. Bybee*, 115 Idaho 541, 543, 768 P.2d 804, 806 (Ct. App. 1989). A trial court must base the amount of restitution upon the preponderance of evidence submitted by the prosecutor, defendant, victim, or presentence investigator. I.C. § 19-5304(6); *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. I.C. § 19-5304(7); *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401 (2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 935 P.2d 201, 206 (Ct. App. 1997). The trial court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *Corbus*, 150 Idaho at 602, 249 P.3d at

3

401; *Lombard*, 149 Idaho at 822, 242 P.3d at 192. Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

The magistrate court ordered Lucero to pay $247.90 in medical expenses incurred by his victim. This sum reflects the amounts charged to the victim in two separate invoices attached to the State's motion for restitution for medical services incurred on the same day about two weeks after Lucero attacked the victim. One of the invoices is from a physician for an "emergency department visit" and the other from a medical imagining provider for "views" of the victim's "facial bones." During Lucero's second restitution hearing, the magistrate court recognized it could also "take into account" hearsay contained in the victim impact statement. In that statement, the victim indicated that, when she confronted Lucero about his infidelity, he pulled the victim to the ground by her hair and "proceeded to kick [her] in [her] chest and back" and "also hit the side of [her] face." Following this incident, the victim was so fearful that she could not eat, sleep, or "even leave [her] house for a week." The victim further alleged that, when her "injuries lasted a few weeks," she "finally went to the emergency room" where medical providers "took x-rays, and checked out [her] face." The magistrate court further noted that the police report of the domestic altercation indicated that, despite suffering "swelling and tenderness to the left side of her face," the victim declined medical treatment on the night of the offense. The magistrate court determined that, under the circumstances, it was reasonable for the victim to delay seeking medical treatment after Lucero's attack and ordered him to pay restitution for the medical expenses reflected in the invoices attached to the State's restitution motion.

On intermediate appeal, Lucero argued that the State failed to present sufficient evidence showing that his criminal conduct caused the victim to incur the medical expenses. The district court agreed, concluding that the victim's description of Lucero's attack, the victim's lingering injuries, and the emergency room treatment she received combined with the invoices attached to the State's motion for restitution (which did not specify the treatment the victim received) were insufficient to support the restitution awarded. The district court also specifically noted the victim's failure to appear at the restitution hearing to testify regarding the gap between Lucero's attack and the victim's decision to seek medical treatment. Consequently, the district court concluded that the magistrate court erred by finding there was sufficient evidence to show that

4

Lucero caused the victim's medical expenses. The district court further held that the magistrate court erred by failing to expressly note on the record that the restitution award was an exercise of discretion. Both of these conclusions were erroneous.

The Idaho Supreme Court has held that written billing summaries listing only the billing provider, treatment dates, and amounts paid on behalf of a victim are, by themselves, insufficient to support a restitution award. *See State v. Loera*, 167 Idaho 533, 539-40, 473 P.3d 802, 808-09 (2020); *State v. Oxford*, 167 Idaho 515, 526, 473 P.3d 784, 795 (2020). However, unsworn presentence materials can support a determination that a defendant's criminal conduct caused a victim's economic loss. *See State v. Wisdom*, 161 Idaho 916, 923, 393 P.3d 576, 583 (2017). During Lucero's sentencing, the victim stated that Lucero kicked the victim in the ribs and struck her on the side of the face. The victim further recounted how Lucero's attack left her so fearful that she did not leave her house for a time, but she eventually went to the emergency room where medical providers "took x-rays, and checked out [her] face" after her injuries lingered for "a few weeks." The invoices the State submitted with its motion for restitution comport with the victim's version of events. The documents indicate that the victim went to the emergency room and had images of her facial bones taken about two weeks after being attacked by Lucero.

Considered together, the victim's statements from Lucero's sentencing, combined with the invoices submitted by the State, are sufficient to support the determination that Lucero's criminal conduct caused the victim's medical expenses. This distinguishes the invoices submitted in this case from the billing summaries in *Loera* and *Oxford*. *See Loera*, 167 Idaho at 539-40, 473 P.3d at 808-09; *Oxford*, 167 Idaho at 526, 473 P.3d at 795. Moreover, a reasonable fact-finder could further find that the victim's statements describing her fearfulness explained her decision to delay seeking medical treatment. That these statements were not given under oath during a restitution hearing is of no consequence because trial courts may consider hearsay when evaluating whether to order a defendant to pay restitution. I.C. § 19-5304(6). Accordingly, the district court erred by concluding there was insufficient evidence to support the order of restitution.

The district court also concluded that the magistrate court erred by failing to expressly note that it was exercising its discretion to award restitution. Despite acknowledging its certainty that the magistrate court knew the decision to award restitution was discretionary, the district court concluded the absence of an express reference that the restitution award was an exercise of

discretion constituted reversible error. This conclusion is contrary to the law. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 867, 421 P.3d 187, 198 (2018) (observing that a trial court is not required to state that an issue falls within its discretion when the record clearly shows it was perceived as such). The Idaho statutes governing restitution in criminal cases expressly authorize trial courts to refrain from ordering restitution if the trial court determines such an order would be "inappropriate or undesirable." I.C. § 19-5304(2). During Lucero's second restitution hearing, the magistrate court demonstrated its general familiarity with Idaho's restitution statute cases by, for example, citing the provision authorizing consideration of hearsay in victim impact statements. In light of this, and the absence of any indication in the record that the magistrate court believed restitution was mandatory, it was error for the district court to vacate the order of restitution on the basis that the magistrate court did not expressly indicate it was exercising its discretion.

**IV.**

**CONCLUSION**

The district court erred by concluding the magistrate court's order of restitution lacked support from substantial, competent evidence. Consequently, the district court's decision, on intermediate appeal from the magistrate court, vacating and remanding Lucero's order of restitution, is reversed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.