**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 49829**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: September 15, 2023** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | |
| MIA MAY WILSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Andrea L. Courtney, District Judge.

Order for restitution, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge Pro Tem

Mia May Wilson appeals from an order for restitution. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Wilson pled guilty to possession of a controlled substance (methamphetamine). I.C. § 37-2732(c)(1). She was sentenced to a unified term of confinement of five years, with a minimum period of confinement of two years. Execution of the sentence was suspended and Wilson was granted probation. She was permitted to transfer her supervision to Sheridan, Wyoming, pursuant to the interstate compact. While there, Wilson violated her probation by using methamphetamine and absconding supervision. The district court issued a bench warrant. Wilson was arrested on the warrant in Wyoming and was returned to Idaho.

1

Wilson admitted the probation violations. The district court revoked probation and retained jurisdiction. Prior to the probation violation disposition hearing, the State submitted a proposed order for restitution pursuant to I.C. § 19-5304[1] for the costs incurred to return Wilson to Idaho. Attached to the proposed order was an affidavit signed by the Canyon County sheriff's extradition officer, which averred that it had been necessary to extradite Wilson from Wyoming and that the sheriff had incurred reasonable and necessary expenses of $1625 in returning Wilson to Canyon County. Attached to the affidavit was an invoice from Blue Knight Security, LLC, in that amount for "transportation services" described as follows: "9/13/21 Wilson from Sheridan, WY to Canyon County." Wilson filed a written objection to the State's proposed order for restitution asserting that restitution was not appropriate under I.C. § 19-5304 and that the "information provided by the State to support a grant of restitution is wildly inaccurate and does not provide a reasonable basis to award the amount requested." The district court set the matter of restitution for a hearing. At the restitution hearing, the State argued that restitution was appropriate under I.C. § 19-5304 because the expenses were incurred as a result of Wilson's criminal conduct and also under I.C. § 37-2732(k)[2] because Wilson had been convicted of a drug-related offense. Wilson argued that neither restitution statute applies to probation violations. The district court entered a written decision finding that it had no authority to award restitution under either statute but that Wilson could be ordered to pay restitution under the terms of her probation supervision agreement which provided: "I will waive extradition to the state of Idaho and will not contest any effort to return to the state of Idaho. I will pay the cost of extradition as ordered by the court/Commission." The district court concluded that the affidavit and attached invoice provided sufficient evidence to support the amount of restitution and entered a written order requiring Wilson to pay $1625. Wilson appeals.

---

[1]    Idaho Code Section 19-5304 provides restitution for crime victims. "Victim," as defined in the statute, includes the "directly injured victim which means a person or entity, who suffers economic loss or injury as the result of the defendant's criminal conduct." I.C. § 19-5304(e)(i).

[2]    Idaho Code Section 37-2732(k) provides that, upon conviction for certain offenses (including possession of methamphetamine), the court may order restitution for costs incurred by law enforcement agencies in investigating the violation.

## II.

## STANDARD OF REVIEW

This Court reviews a district court's restitution order for an abuse of discretion. *State v. Adams*, 171 Idaho 347, 350, 521 P.3d 735, 738 (2022). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Wilson does not contest that she violated her probation or that it was necessary to transport her to Canyon County, Idaho. Wilson appeals from the district court's order requiring her to pay restitution to the Canyon County Sheriff's Office in the amount of $1625. She challenges the sufficiency of the evidence, relying on cases decided under I.C. § 19-5304 and I.C. § 37-2732(k) (restitution statutes). Wilson argues that the district court should have required the State to meet the same evidentiary burden as required under the restitution statutes. For such cases, a trial court must base the amount of restitution upon the preponderance of evidence. *State v. Lombard*, 149 Idaho 819, 822, 242 P.3d 189, 192 (Ct. App. 2010). Thus, the State must prove, by a preponderance of the evidence, a causal relationship between the defendant's criminal conduct and the damages suffered by the victim. *State v. Corbus*, 150 Idaho 599, 602, 249 P.3d 398, 401(2011); *State v. Hill*, 154 Idaho 206, 212, 296 P.3d 412, 418 (Ct. App. 2012). The determination of the amount of restitution, which includes the issue of causation, is a question of fact for the trial court. *Corbus*, 150 Idaho at 602, 249 P.3d at 401; *State v. Hamilton*, 129 Idaho 938, 943, 235 P.2d 201, 206 (Ct. App. 1997). A district court's factual findings with regard to restitution will not be disturbed on appeal if supported by substantial evidence. *State v. Loera*, 167 Idaho 533, 539, 473 P.3d 802, 808 (2020). Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion. *State v. Straub*, 153 Idaho 882, 885, 292 P.3d 273, 276 (2013).

The Idaho Supreme Court has provided guidance as to what constitutes substantial evidence in such cases as to both the amount of restitution and causation. In *State v. Nelson*, 161

Idaho 692, 390 P.3d 418 (2017), the Court held that a request for reimbursement by a prosecutor for attorney fees under I.C. § 37-2732(k) was inadequate for failure to provide substantial evidence. The only evidence presented by the State was an unsworn statement of costs that "merely identifies the defendant, the case number, and the prosecutor. The statement then includes the total number of attorney hours, the hourly rate, and computes the sum total of the request. It does not contain itemized time entries explaining the tasks performed or the expenditures made" in the particular case. *Nelson*, 161 Idaho at 695-96, 390 P.3d at 421-22. Similarly, in *State v. Cunningham*, 161 Idaho 698, 390 P.3d 424 (2017), the Idaho Supreme Court held that an unsworn request for prosecution expenses that provided only "the total number of attorney hours, the hourly rate, and sum total of the request" suffered the same deficiencies as were found in *Nelson.* In *Loera*, 167 Idaho 533, 473 P.3d 802, the Court concluded that a claim for restitution by the State Insurance Fund under I.C. § 19-5304 (supported by only a summary showing the medical provider, the dates of treatment and the amounts paid but no description of the treatments) was insufficient. Likewise, in *State v. Oxford*, 167 Idaho 515, 473 P.3d 784 (2020), the Court reversed an order for restitution to the Crime Victims Compensation Program under I.C. § 19-5304 for payments made on behalf of a victim when the evidence submitted was an unsworn letter that did not provide descriptions of the types of services provided and the date of such services. The deficiencies in both *Loera* and *Oxford* were related to causation rather than the amount of restitution. What is clear from these cases is, aside from the lack of sworn statements, itemization is required. In order to meet the burden of substantial evidence, the claimant must explain the tasks performed or the expenditures made in a particular case in order to prove both the amount of restitution and causation. Wilson asserts that the State did not meet these evidentiary requirements.

Restitution in this case was not awarded pursuant to the restitution statutes. Rather, restitution was awarded because Wilson had agreed, as a condition of her probation, to pay the costs of her extradition as ordered by the court. We believe the substantial evidence requirement under the restitution statutes is not directly applicable to this case. Under I.C. § 19-5304, a court (unless it determines that restitution is inappropriate or undesirable) shall order a defendant who has been found guilty of a crime which results in economic loss to make restitution to the victim in the amount of economic loss actually suffered by the victim. Under I.C. § 37-2732(k), upon conviction of certain crimes, a defendant may be required to reimburse law enforcement agencies

4

for expenses actually incurred in investigating the crime. A predicate to these cases is that a defendant has been convicted of a crime which has either caused economic loss to a victim or caused a law enforcement agency to incur investigation expenses. The statutes provide a procedure to reimburse victims and law enforcement agencies for certain actual losses or expenditures caused by those convicted of crimes without the need for civil litigation. The circumstances of Wilson's case differ. When Wilson was granted probation, she received and signed what was, essentially, a contract which provided that she would waive extradition, not contest her return to the State of Idaho, and pay the costs of extradition. There is no question of causation in this case nor is the issue of the amount of restitution complex such as the claims for attorney fees or medical expenses encountered in the cases decided under the restitution statutes.

Here, the evidence submitted by the State in support of its claim for restitution--the affidavit and attached invoice--was substantial evidence. It was evidence that a reasonable mind might accept to support a conclusion. From this evidence one may reasonably infer that Wilson violated her probation while she was being supervised in Wyoming and that the sheriff's office incurred a reasonable and necessary expense of $1625 for having Blue Knight Security transport Wilson to Canyon County--a cost Wilson had agreed to pay as a term of her probation. We do not hold that evidentiary requirements similar to those required under the restitution statutes are never appropriate in cases such as this one. Complex issues of causation and the amount of damages might dictate the need for such evidence. Here, there is no causation issue which requires a detailed linking of wrongful conduct to individual losses. The decision of the district court ordering restitution in the amount of $1625 is supported by substantial evidence. Wilson has shown no abuse of discretion.

## IV.
### CONCLUSION

For the foregoing reasons, the order of restitution is affirmed.

Chief Judge LORELLO and Judge GRATTON, **CONCUR**.

5